IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 5:25-CV-734-BO-BM

SUI GENERIS NEXUS EXPRESS TRUST )
BY KEVIN MILES TTE, AF, )
)
Plaintiff, )
) ORDER
v. )
)
SOUTHWEST AIRLINES, et al., )
)
Defendants. )

This matter comes before the Court on plaintiff's motion to remand [DE 12]. Defendant has responded [DE 19] and the time for reply has elapsed. The Court also considers defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [DE 8]. Plaintiff responded [DE 13] and the time for reply has elapsed. In this posture, the motions are ripe for disposition. For the following reasons, plaintiff's motion to remand is denied and defendant's motion to dismiss is granted.

BACKGROUND

Plaintiff, proceeding pro se, initiated this case by filing a complaint against defendants in Wake County Superior Court. Defendants filed a notice of removal based on federal question jurisdiction [DE 1] and subsequently moved to dismiss the case [DE 8]. The following factual background is drawn from the complaint. [DE 1-2].

"Plaintiff is a 64-year-old, 100% disabled veteran, with PTSD, chronic pain, and severe anxiety[.]" *Id.* at ¶ 5. "On September 26, 2025, Plaintiff arrived at Chicago Midway Airport to board a Southwest Airlines flight. The plaintiff requested wheelchair assistance but was denied the accommodation." *Id.* at ¶ 6. "While in transit, Plaintiff was startled awake by a male Southwest

flight attendant. Plaintiff was told that while he slept, the attendant had tapped rather firmly on his shoulders. Plaintiff inadvertently nudged at the attendant's hand as a reflexive movement." *Id.* at ¶ 7A.

Subsequently, plaintiff "was treated as if he were a security threat, despite having committed no crime and merely seeking medical accommodation." *Id.* at ¶ 8. Southwest airlines employees engaged the Chicago Police Department's Counterterrorism Team and detained plaintiff. *Id.* at ¶ 7. "During the course of the detention, the Southwest Airlines General Manager attempted to hand Plaintiff a refund of only $9.27 for the cancelled segment" of his flight, for which he was denied re-boarding. *Id.* at ¶¶ 9–10. Plaintiff was forced to buy a ticket with a different airline, and the delay in his travels caused him to consume his entire supply of medication before returning home, so that he ran out of medication before he could acquire more. *Id.* at ¶¶ 11–13. He was later notified that he would be banned from all future Southwest flights. *Id.* at ¶ 17.

Plaintiff asserts the following claims: (1) unlawful detention and violation of due process under N.C. Const. Art. I §§ 6, 13, 17; U.S. Const. Amend. V, XIV, and 42 U.S.C. § 1983; (2) breach of duty and constructive fraud under UCC 3-501, UCC 3-603, and Restatement (Second) of Contracts § 205; (3) violations of ADA [Americans with Disabilities Act] and Air Carrier Access Act under 42 U.S.C. § 12132, 49 U.S.C. § 41705, and 14 C.F.R. Part 382; (4) breach of contract and common carrier duty under 49 U.S.C. § 40127 and *Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290 (1976); (5) psychological, emotional, and financial injury under North Carolina tort law and 14 C.F.R. § 250.5; and (6) retaliation and blacklisting in violation of 42 U.S.C. § 12203 and North Carolina public policy.

2

DISCUSSION

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## I. Motion to Remand

Plaintiff moved to remand this case to Wake County Superior Court. [DE 12]. In his motion to remand, he argues first that this Court lacks federal question jurisdiction over this case under 28 U.S.C. § 1331. He contends he "pleaded with no federal statute, no federal civil-rights claim, no ADA or ACAA claim, and no FAA regulatory claim." [DE 12, p. 2]. Not so; his complaint specifically asserts, "Count III – Violation of ADA" and otherwise cites numerous federal statutes throughout his "Causes of Action" section. [DE 1-2, p. 5]. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3

Plaintiff also argues Southwest CEO Bob Jordan failed to consent to the remand. Jordan, however, is a nominal party. "Nominal parties are excepted from the requirement that all defendants join in or consent to removal to federal court." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 257 (4th Cir. 2013). "Nominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal. In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." *Id.* at 260. Plaintiff alleges no facts and asserts no claims specific to Jordan, and could be made whole by Southwest alone. Southwest is the party with which plaintiff has a real dispute. Jordan has no immediately apparent stake in the outcome of this litigation and is a nominal party whose consent is not necessary for removal.

As the remainder of plaintiff's arguments in favor of remand are immaterial, his motion to remand is denied.

## II. 42 U.S.C. § 1983 and Unlawful Detention

"By the plain terms of [42 U.S.C.] § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (citing *Monroe v. Pape*, 365 U.S. 167, 171 (1961)). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful[.]'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question

4

posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

The complaint contains no allegation that either defendant could act on behalf of the state, or that their actions are fairly attributable to the state. Accordingly, plaintiff fails to state a § 1983 claim against them. Similarly, because defendants are not state actors, plaintiff's claims under the North Carolina Constitution fail. To effectively plead a North Carolina Constitutional violation, a plaintiff must allege a state actor violated his constitutional rights. *See Kinsley v. Ace Speedway Racing, Ltd.*, 284 N.C. App. 665, 674 (2022), *aff'd*, 386 N.C. 418 (2024).

Plaintiff references unlawful detention in his first count for relief. Plaintiff appears to plead his state law tort claims under the law of North Carolina. Defendants do not agree that North Carolina law applies to this dispute, because "the incident occurred in Chicago and Southwest's Contract of Carriage chooses Texas law to govern." [DE 9, p. 8]. The Court need not determine which state's law applies, as plaintiff fails to state a claim regardless.

Plaintiff's false imprisonment claim fails under any of the relevant standards[1] because he fails to allege "that any employee of Southwest Airlines actually participated in any unlawful detention or even instigated any such unlawful detention." *Shah v. Sw. Airlines*, No. 1:13-CV-1481 AJT/JFA, 2014 WL 4547160, at *2 (E.D. Va. Mar. 6, 2014) (dismissing false imprisonment claim

---

[1] "To state a claim of false imprisonment in North Carolina, a plaintiff must allege: (1) the illegal restraint of plaintiff *by defendant*, (2) by force or implied threat of force ... (3) against the plaintiff's will." *Murphy v. Page*, No. 1:23CV963, 2025 WL 3122705, at *7 (M.D.N.C. Nov. 7, 2025), *report and recommendation adopted*, No. 1:23-CV-963, 2025 WL 4792126 (M.D.N.C. Dec. 8, 2025) (cleaned up, emphasis added). Under Texas law, the "elements of a false imprisonment cause of action are: (1) willful detention *by the defendant*, (2) without consent of the detainee, and (3) without authority of law." *Fojtik v. Charter Med. Corp.*, 985 S.W.2d 625, 629 (Tex. App. 1999) (emphasis added). In Illinois, false imprisonment "is an unreasonable restraint of an individual's liberty, against his will, *caused or procured by the defendant*." *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 474, 564 N.E.2d 1222, 1231 (1990) (emphasis added).

5

with similar facts on those grounds). Rather, it was the Chicago Police Department's Counterterrorism Team that allegedly detained plaintiff.

### III. Breach of Duty and Constructive Fraud

Constructive fraud is a legal claim or doctrine which treats certain breaches of fiduciary duty as fraudulent even in the absence of deceptive intent. A plaintiff pleading constructive fraud must necessarily allege the existence of a fiduciary relationship.[2] Because plaintiff does not allege any facts suggesting he entered a fiduciary relationship, or any special relationship reposing confidence with defendants, he fails to state a claim.

### IV. ADA and Air Carrier Access Act Claims

Title II of the ADA dictates: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The public entities subject to Title II include "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Corporation, and any commuter authority (as defined in section 103(8) of the Rail Passenger Act." 42 U.S.C. § 12131(1).

Because plaintiff fails to allege facts indicating either defendant is a public entity subject to Title II, he fails to state a claim. Furthermore, "Title III does not cover the operations of any portion of any airport that are under the control of an air carrier." *Bynum v. Southwest Airlines*,

---

[2] Under North Carolina law, constructive fraud "arises when a confidential or fiduciary relationship exists." *Gasper v. Brady Trane Serv., Inc.*, 276 N.C. App. 35. Under Texas law, constructive fraud "is the breach of a legal or equitable duty that the law declares fraudulent because it violates a fiduciary relationship." *McClain v. McClain*, 2017 Tex. App. LEXIS 3471, *12 (citing *Archer v. Griffith*, 390 S.W.2d 735, 740 (Tex. 1964)). Under Illinois law, the "elements of constructive fraud are: (1) a fiduciary relationship; (2) a breach of the duties that are imposed as a matter of law because of that relationship; and (3) damages." *D'Attomo v. Baumbeck*, 2015 IL App (2d) 140865, ¶ 74, 36 N.E.3d 892, 917.

6

2019 U.S. Dist. LEXIS 227156, *8 (quoting *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1003 (9th Cir. 2013)) (cleaned up).

The Air Carrier Access Act (ACAA) provides,

> an air carrier . . . may not discriminate against an otherwise qualified individual on the following grounds: (1) the individual has a physical or mental impairment that substantially limits one or more major life activities. (2) the individual has a record of such an impairment. (3) the individual is regarded as having such an impairment.

49 U.S.C. § 41705. The ACAA does not, however, create a private right of action. *Andreadakis v. Ctr. for Disease Control & Prevention*, 2022 U.S. Dist. LEXIS 122236, *26–28 (E.D. Va. July 11, 2022) (collecting cases from other circuits).

## V. Breach of Contract and Common Carrier Duty

Plaintiff's fourth count for relief purports to assert a claim based on 49 U.S.C. § 40127, which states, an "air carrier or foreign air carrier may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry." Plaintiff's complaint is devoid of any allegation that he was discriminated against based on his race, color, national origin, religion, sex, or ancestry. Rather, the complaint indicates he was discriminated against on the basis of his disability.

Plaintiff cites to *Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290 (1976), including in his fourth count the assertion that "Defendants breached . . . caselaw[.]" Plaintiff does not specify what additional cause of action, if any, he intends to pursue, or how *Nader* supports a finding of defendants' breach. Accordingly, he fails to state a claim.

## VI. Psychological, Emotional, and Financial Injury

Plaintiff's fifth count for relief recites some of the kinds of damages he alleges he suffered, and suggests he is due remuneration under "under North Carolina tort law and 14 C.F.R. § 250.5." [DE 1-2, p. 5] (cleaned up). He does not specify which tort he contends caused these injuries.

7

14 C.F.R. § 250.5 requires carriers to "pay compensation in interstate air transportation to passengers who are denied boarding involuntarily from an oversold flight[.]" Plaintiff alleges he "was denied reboarding[.]" [DE 1-2, ¶ 9]. He does not, however, allege facts suggesting he was denied boarding because the flight was "oversold." The complaint suggests that denial was discriminatory or retaliatory. There is no plausible inference that § 250.5 should govern plaintiff's claims.

## VII. Retaliation and Blacklisting in Violation of 42 U.S.C. § 12203 and North Carolina Public Policy.

42 U.S.C. § 12203 provides, "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by" the ADA, and "prohibits retaliation against any individual who opposes a discriminatory act." *Stanley v. City of Sanford, Fla.*, 606 U.S. 46, 53 (2025). The complaint contains no allegation that plaintiff *opposed* a discriminatory act (only that he purports to have suffered one), and no allegation that defendants retaliated against him for that opposition.

Plaintiff alleges his request for a wheelchair after he arrived at the airport was denied—but does not suggest that the altercation on the plane or the subsequent detention were related to his disability. Rather, plaintiff alleges he "inadvertently nudged" a flight attendant's hand, and defendants "escalated this ordinary and harmless occurrence into a pretext for unlawful action." [DE 1-2, ¶ 7A]. The allegations in the complaint relating to plaintiff's disability are allegations of discrimination—not of retaliation for his opposing an act made unlawful by the ADA. He fails to state a claim.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand [DE 12] is DENIED. Defendants' motion to dismiss [DE 8] is GRANTED. The Clerk is directed to enter judgment in favor of defendants and close the case.

SO ORDERED, this **29** day of July 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9